United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAND HOME FINANCIAL SERVICES INC.,

Plaintiff,

v.

NOEL PATILLO, et al.,

Defendants.

Case No. 16-cv-04999-DMR

**ORDER REMANDING CASE TO CONTRA COSTA COUNTY SUPERIOR COURT**

Re: Dkt. Nos. 1, 4

Defendants Noel Patillo Sr. and Charmeaka Patillo ("Defendants") removed this case pursuant to 28 U.S.C. § 1441 from Contra Costa County Superior Court, where it was pending as a complaint for unlawful detainer against Defendants. The notice of removal states one ground for removal: that the complaint presents a federal question such that the case could have originally been filed in this court. (Notice of Removal ¶¶ 5-7.)

When a notice of removal is filed, the court must examine it "promptly," and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4).[1]

Plaintiff and Defendants consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

The court concludes that it lacks federal subject matter jurisdiction and accordingly remands this case to the Contra Costa County Superior Court.

**I. Federal Question Jurisdiction**

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack

[1] The Court notes that Plaintiff Land Home Financial Services, Inc. filed an *ex parte* application to remand this case to state court. [Docket No. 4]. Since this Court has a duty to determine whether federal subject matter jurisdiction exists *sua sponte*, it need not determine whether Plaintiff has met the standard for *ex parte* relief.

jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). That rule applies equally to evaluating the existence of federal questions in cases brought initially in federal court and in removed cases. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 n.2 (2002). Relevant for purposes here, a federal question exists only when it is presented by what is or should have been alleged in the complaint. *Id*. at 830. The implication of a federal question through issues raised by an answer or counterclaim does not suffice to establish federal question jurisdiction. *Id*. at 831; *see also ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000) ("[A] case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." (citation and internal quotation marks omitted) (brackets in original)).

According to Defendants, a federal question arises because Plaintiff's underlying state court action is based on a notice which "expressly references and incorporates" the Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. § 5201 ("PTFA"). (Notice of Removal ¶ 7.) The complaint simply alleges a state cause of action for unlawful detainer. (Compl. ¶¶ 1-7). As such, there is no federal question presented on the face of Plaintiff's complaint. *See Caterpillar*, 482 U.S. at 392 (explaining that "federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint," which "makes the plaintiff the master of the claim," such that "he or she may avoid federal jurisdiction by exclusive reliance on state law").

Moreover, to the extent that Defendants contend that Plaintiff violated the PFTA by filing its claim prior to the expiration of the 90-day notice period (Notice of Removal ¶ 7), a federal defense or anticipated counterclaim does not confer jurisdiction. *See Holmes Group*, 535 U.S. at

831; *see also Wescom Credit Union v. Dudley*, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) (federal defense based on PTFA's ninety day rule does not support federal question jurisdiction).

**III. Conclusion**

For the reasons above, the court orders that this action be remanded to the Contra Costa County Superior Court and that the Clerk be ordered to close the case file.

**IT IS SO ORDERED.**

Dated: September 28, 2016




Donna M. Ryu
United States Magistrate Judge

United States District Court
Northern District of California